IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Domaine Martin, #16967-057, ) | |
| ) | C/A No. 0:08-00443-HFF-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| John J. LaManna, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 17). The petitioner, Domaine Martin ("Martin"), a federal prisoner who is proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 28, 2008, the respondent filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). By order filed May 29, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 18.) Martin filed a response in opposition to respondent's motion on June 19, 2008. (Docket Entry 20.) The respondent filed a reply on June 23, 2008 (Docket Entry 21) to which Martin filed a sur-reply on July 1, 2008 (Docket Entry 23). This motion is now before the court for a Report and Recommendation.

## BACKGROUND

Martin was arrested on April 5, 1993, in Winston-Salem, North Carolina on state bank robbery charges. (Docket Entry 17-2.) At the time of his arrest, Martin was also wanted on state



charges for second degree murder. (Id. at 4.) The United States District Court for the Middle District of North Carolina issued an arrest warrant for Martin on April 30, 1993 on federal charges stemming from the April 5, 1993 bank robbery. (Docket Entry 17-3.) Martin was federally indicted on June 1, 1993 for bank robbery (18 U.S.C. § 2113(a)), bank robbery with a dangerous weapon (18 U.S.C. § 2113(d)),[1] and use of a firearm during a bank robbery (18 U.S.C. § 924(c)(1)). (Id.) Pursuant to writs of habeas corpus *ad prosequendum*, Martin appeared in federal court for (1) his arraignment on June 7, 1993, where he entered a plea of not guilty; (2) his plea agreement hearing on July 6, 1993, at which he entered a plea of guilty; and (3) his sentencing hearing on December 15, 1993. (Id.) For each of these instances, Martin was transported to the federal courthouse and returned to state authorities within the same day. The district judge sentenced Martin to consecutive terms of 90 months' imprisonment for the bank robbery and 30 months' imprisonment for use of a firearm during a bank robbery, for a total sentence of 120 months. (Docket Entry 17-4 at 1-4.)

On December 16, 1993—the day after Martin was sentenced in federal court—he appeared in North Carolina state court for sentencing on his state charge of second degree murder. The state judge sentenced Martin to 30 years' imprisonment and made no directive as to whether Martin's state term and federal term should run concurrently or consecutively to one another. (Docket Entry 17-5.) Martin was credited 255 days[2] toward his state term for the time he had spent in pre-sentence confinement, including the times he traveled to federal court on a writ of habeas corpus *ad prosequendum*, and immediately began serving the remainder of his state sentence. (Id.)

---

[1]This count was later dismissed.

[2]April 5, 1993 through December 16, 1993.



Martin was released to federal authorities on May 22, 2005 and was held at various county jails until he was transported to the Federal Correctional Institution in Edgefield, South Carolina ("FCI Edgefield"), where he is currently incarcerated. (Docket Entry 17-7.) The Bureau of Prisons ("BOP") calculated Martin's federal sentence as commencing on May 22, 2005.

On July 3, 2005, Martin filed a "Request for Informal Resolution" with a correctional counselor at FCI Edgefield, believing that his time spent in state custody should be applied toward his federal sentence "due to the fact the judge ran the sentences concurrent." (Informal Resolution Form, Docket Entry 17-9 at 1.) The Acting Inmate Systems Manager, Lathrop, replied on August 15, 2005 that after a thorough investigation of Martin's file, there was no evidence that his sentences were to run concurrently. In addition, Martin's time spent in state custody could not be credited to his federal sentence "as all time spent in official detention was credited toward the service of [Martin's state] sentence." (Docket Entry 17-9 at 2.)

In response, Martin filed a formal "Request for Administrative Remedy" on August 17, 2005. (Docket Entry 17-9 at 3.) John LaManna, the Warden of FCI Edgefield, denied Martin's request in his August 26, 2005 response for the same reasons that Lathrop had previously stated and informed Martin of the forms and time line necessary to appeal the decision. (Docket Entry 17-9 at 4.) Martin, however, did not attempt to appeal the administrative decision. (Docket Entry 17-10.) Martin filed a second request for administrative remedy in May of 2006 seeking credit for time spent in state custody. BOP rejected that request because he had filed a request previously regarding the same issue. (Docket Entry 17-14.)

Additionally, in August of 2005, Martin filed a *pro se* "Motion in Nunc Pro Tunc for Review of Sentence" with the United States District Court for the Middle District of North Carolina.



(Docket Entry 17-11.) The court denied Martin's motion in its March 29, 2006 order, stating that Martin had appeared in federal court pursuant to a writ of habeas corpus *ad prosequendum* and was not, therefore, in federal custody. (Order, Docket Entry 17-12.) The United States Court of Appeals for the Fourth Circuit affirmed this decision by an unpublished per curiam opinion dated March 30, 2007. (Docket Entry 17-13.)

Martin filed a petition for a writ of habeas corpus in this court on February 11, 2008. (Docket Entry 1.) In Martin's petition, he raises the following claims:

(1)    Petitioner is entitled to custody credit for state sentence that was imposed after commencement of federal sentence and expressly made concurrent to federal sentence.

(2)    Petitioner is entitled to immediate release or, in the alternative conditional release pending disposition.

(See Pet., Docket Entry 1.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over



facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**C.     Discussion**

Martin contends that he is entitled to credit toward his federal sentence for time spent in state custody because the federal and state charges should have run concurrently. As an initial matter, the respondent asserts that Martin failed to exhaust his administrative remedies and, therefore, this petition should be denied. The respondent also contends that even if Martin had exhausted, summary judgment is appropriate.

**1.     Exhaustion**

Although there is not an express exhaustion requirement in 28 U.S.C. § 2241, case law is clear that a habeas corpus petitioner challenging his sentence calculation under § 2241 may obtain



relief in federal court only after he has exhausted his administrative remedies. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Griffin v. Padula, 518 F. Supp. 2d 671, 679 (D.S.C. 2007); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491 (1973) (discussing exhaustion requirement under 28 U.S.C. § 2241); Kurfees v. I.N.S., 275 F.3d 332, 336 (4th Cir. 2001) ("It is well settled that parties must exhaust their administrative remedies before filing suit in federal court."). An inmate's failure to exhaust his administrative remedies may only be excused upon a showing of cause and prejudice. Carmona, 243 F.3d at 634-35 (cited in McClung v. Shearin, 90 Fed. Appx. 444, 445 (4th Cir. 2004) (unpublished)).

BOP has established an three-tiered administrative grievance process for inmates to seek review of complaints relating to any aspect of his confinement. See 28 C.F.R. §§ 542.10 et seq. Prior to starting the grievance process, the inmate may seek to informally resolve the complaint at the institution level. 29 C.F.R. § 542.13. If informal resolution is not successful, the inmate may file a formal written complaint to the warden. 29 C.F.R. § 542.14. After investigation of the complaint, a written response will be provided. Id. If the inmate is not satisfied with the response, he may appeal the decision to the Regional Director within twenty calendar days of the date the warden signed the response. 29 C.F.R. § 542.14. An inmate who is not satisfied with the Regional Director's response may submit an appeal to BOP's General Counsel within thirty calendar days of the date the Regional Director signed the response. 28 C.F.R.§ 542.15(a). Thus, an inmate's administrative remedies are not exhausted until he has filed an appeal with the General Counsel.

As stated above, Martin first attempted to informally resolve his complaint. Then he filed a formal complaint with the warden and received a response on August 26, 2005. Martin did not

appeal this decision any further. Because Martin has not exhausted his administrative remedies, LaManna is entitled to summary judgment.

### 2. Prior Custody Credit

Even if Martin had properly exhausted, he is not entitled to habeas relief. The BOP has the authority to execute sentences and compute jail time, which includes computing pre-sentence credits and determining the sentence termination date. United States v. Wilson, 503 U.S. 329, 333-35 (1992). According to 18 U.S.C. § 3585(a), "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." Credit for prior custody is specifically addressed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

As discussed above, Martin was in state custody following his arrest on April 5, 1993. Martin's appearances in federal court for federal charges were pursuant to federal writs of habeas corpus *ad prosequendum*. After the federal court sentenced Martin, a detainer was filed with the State of North Carolina for Martin to serve his federal time of imprisonment. Martin was then sentenced on his state charges and received credit for all 255 days spent in state custody, including the days he was in federal court pursuant to the federal writs of habeas corpus *ad prosequendum*.

Prisoners who are in state custody and are removed on a federal writ of habeas corpus *ad prosequendum* are not entitled to credit on a subsequent federal sentence for the days detained in



federal custody on the writ when they received the credit towards their state sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998); Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992) (noting that, pursuant to the predecessor of § 3585, a prisoner is not in custody, but is "on loan" when he appears in federal court pursuant to a writ of habeas corpus *ad prosequendum* and citing a collection of case law). In fact, Martin received credit on his *state* sentence for all of the time he seeks to apply to his *federal* sentence, the 255 days of prior custody credit and the time he spent in state prison serving the remainder of his state sentence. (See Docket Entry 17-5.) Permitting a prisoner to receive double credit for time served would violate 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 333 (1992) ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'"); United States v. Kramer, 12 F.3d 130, 132 (8th Cir.1993) (explaining that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period" and holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"); Tisdale v. Menifee, 166 F. Supp. 2d 789 (S.D.N.Y. 2001) (stating that "§ 3585(b) precludes [the petitioner] from receiving 'double credit' for [the same] time on both his state and federal sentences").

To the extent that Martin contends that he is entitled federal credit based on the filing of a detainer, that contention is incorrect. A detainer filed to hold a prisoner to serve a federal term does not change his state custody status. Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992). A detainer notifies the officials at the institution where a prisoner is confined that the prisoner is wanted in another jurisdiction upon release from prison. Id. at 360-61. Thus, contrary to Martin's



allegation, he is not entitled to any credit against his federal sentence for the time he spent in state custody.

### 3. Allegation as to Concurrent Sentences

Martin asserts that his federal and state sentences were to run concurrently to one another. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a). Moreover, a state court cannot unilaterally impose a concurrent sentence to a federal sentence. United States v. Hayes, 535 F.3d 907, 912 (8th Cir. 2008) (stating that "[t]he state court had no authority to designate the federal sentence as concurrent to the state sentence" because "the federal sentence would not run so long as the defendant remained in state custody"); United States v. Eccleston, 521 F.3d 1249, 1254 (10th Cir. 2008) (stating that "the determination of whether a defendant's 'federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'") (quoting Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991)). The federal government cannot be compelled by an agreement between the prisoner and the state authorities to grant a concurrent sentence. Jake v. Herschberger, 173 F.3d 1059, 1065 (7th Cir. 1999); United States, 49 F. Supp. 2d 489, 494 (E.D. Va. 1999).

Although Martin's federal sentence was imposed first, he was at that time in the primary custody of the State of North Carolina. His federal sentence mentions only that his two federal sentences are to run concurrently and is silent as to Martin's state term. The state sentence provides that his state sentences are to run concurrently to one another and is silent as to the federal sentences. Pursuant to § 3584(a), the federal sentence is therefore deemed concurrent to any other sentence



imposed at a different time absent a judicial order to the contrary. Martin has not presented any judicial order stating that his state and federal sentences were to run concurrently to one another. Martin relies on United States v. Smith, 472 F.3d 222 (4th Cir. 2006), for the proposition that the federal court cannot order its sentence to run concurrently to any future sentence, apparently to explain why the federal court's order was silent as to any future state sentences. Smith does not aid Martin, however, because the policy behind Smith is to prevent one district court from restricting the discretion of another, future sentencing court. Martin has not established that the federal sentencing judge ordered that his sentence run in any manner contrary to § 3584(a). In fact, the BOP contacted the federal sentencing court to determine whether the federal court intended the federal sentence to run concurrently to his state sentence. (Letter dated March 27, 2008, Docket Entry 17-15.) The federal district court responded that the terms should not be concurrent. (Letter dated April 16, 2008, Docket Entry 17-16.) Accordingly, Martin has not established that he is entitled to habeas relief on this basis.

### 4. *Nun pro tunc*

BOP further considered Martin's petition as a request for *nunc pro tunc* designation. BOP assessed Martin's request in accordance with the factors in § 3621(b) and determined that *nunc pro tunc* designation to the state was not appropriate. Granting or denying *nunc pro tunc* designation is within the discretion of BOP. See Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990); McCarthy v. Doe, 146 F.3d 118, 123 (2d Cir. 1998) (stating that BOP is given broad discretion to grant or deny a request for *nunc pro tunc* relief after the request is given "full and fair consideration"). Martin has not presented any evidence that BOP's decision was an abuse of discretion. Therefore, he is not entitled to habeas relief on this basis.



**RECOMMENDATION**

Martin has presented no evidence that would take him outside the general rule of 18 U.S.C. § 3584(a). Therefore, by the plain terms of the statute, Martin's state and federal terms run consecutively. Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 17) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 27, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).