

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DOMAINE MARTIN, § | |
|     Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 0:08-443-HFF-PJG |
| § | |
| JOHN LAMANNA, Warden, § | |
|     Respondent. § | |

## ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 27, 2009, and an Amended Report on March 3, 2009.[*] The Clerk of Court entered Petitioner's objections to the Report on March 12, 2009.

In his objections, Petitioner first responds to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies. Petitioner contends that he attempted to exhaust his remedies but was unsuccessful. Thus, he submits that he has shown "good cause." The Court is unconvinced by Petitioner's conclusory statements and, therefore, finds that this argument is without merit.

Second, he contends that his federal sentence began to run prior to being sentenced in state court and continued running during the time he was imprisoned on state charges. To support his argument, Petitioner cites the Sixth Circuit case of *United States v. Wells*, 473 F.3d 640 (6th Cir. 2007). However, *Wells* actually supports the Magistrate Judge's conclusion that it is the Bureau of Prisons (BOP), and not the sentencing court, that computes jail time and determines when a sentence begins. As stated in *Wells*:

> 18 U.S.C. § 3585(a) clearly provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Because the Bureau of Prisons is usually the governmental entity that can confirm that a defendant has been taken into "custody awaiting transportation to" a federal detention facility, courts have stated that "after a defendant is sentenced, it falls to BOP, not the district judge, to determine when a sentence is deemed to 'commence.'"

---

[*]Throughout the Order when referring to "the Report," the Court is referencing the Amended Report of the Magistrate Judge.

*Id.* at 645 (citations omitted).  Further, Petitioner was given credit on his state sentence for the time he was in custody awaiting his federal sentencing.  Thus, that time could not be not be applied to Petitioner's federal sentence.  *See* 18 U.S.C. § 3585 (noting that defendants can get credit for time spent in custody prior to sentencing if it "has not been credited against another sentence."). Therefore, because Petitioner was in state custody prior to his federal sentencing and remained in state custody until he completed his state sentence, the Court finds this objection to be without merit.

Third, Petitioner contends that his federal detainer prevented him from being eligible for parole until the last ninety days of his state sentence.  Petitioner is not challenging the validity of the detainer, but instead he appears to suggest that because of the federal detainer, he should be given credit for his time spent in state custody.  However, as noted in the Report, a detainer filed to hold a prisoner to serve a federal term does not change his state custody status. *Thomas v. Whalen*, 962 F.2d 358, 360 (4th Cir. 1992).  Thus, Petitioner's argument as to the detainer is without merit.

Finally, Petitioner summarizes the background surrounding his sentencing in both federal and state court and argues that it was generally understood by all involved that Petitioner's federal and state sentences would run concurrently.  Petitioner admits that it is impossible for this Court to determine what the intentions of his sentencing courts were sixteen years later, but he insists that the record should prove him correct.  Nevertheless, after careful review, the Court fails to find anything in Petitioner's federal court judgment nor in his state court judgment and commitment documents that supports his contention that his federal and state sentences were to run concurrently. Thus, for this reason, and the other reasons outlined in the Report, the Court finds Petitioner's arguments concerning how his sentences were to be served to be without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein.  Therefore, it is the judgment of this Court that Respondent's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 16th day of March, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd<br>
HENRY F. FLOYD<br>
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 60 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.